IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARVIN MUHAMMAD EL BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-0586-CV-W-ODS |
| | ) | |
| OFFICER GREGORY MCCORD, | ) | |
| OFFICER A. BOWLIN, | ) | |
| OFFICER GREG SMITH, | ) | |
| GRANDVIEW POLICE DEPARTMENT | ) | |
| CITY OF GRANDVIEW, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

Defendants City of Grandview, Missouri, Sergeant Greg Smith, Officer Gregory McCord, Officer Andrew Bowlin and the Grandview Police Department (collectively "Defendants") filed the pending Motion to Dismiss (Doc. No. 16). The Motion is granted.

## I. BACKGROUND

This case arises from an incident on May 12, 2013, in which Plaintiff was stopped in a vehicle he was driving by Grandview, Missouri Police Officer, Defendant Officer Gregory McCord. Complaint (Doc. No. 5), at 5. Defendants Officer Andrew Bowlin and Officer Greg Smith were also on the stop. Plaintiff's person and vehicle were searched. *Id.* Subsequently, Plaintiff was arrested and his vehicle was towed. *Id.*

Officer McCord issued citations to Plaintiff for operating a motor vehicle with a fraudulent or false temporary license tag, failure to provide proof of insurance, and possession of marijuana. *See* Uniform Citations Nos. 111741810, 111741811, and 111741812 (Docs. Nos. 17.1, 17.2, 17.3). Plaintiff appeared in the Grandview Municipal Court on June 17, 2013, and was held in contempt and jailed for one day for attempting to record the proceeding after the Court advised him he could not do so. *See* Supplemental/Amended Judgment of Contempt (Doc. Nos. 17.5). Plaintiff failed to

appear for his subsequent hearing on his charges and was found in default, and warrants were issued for his arrest on July 31, 2013. *See* Bench Warrants for Tickets (Docs. Nos. 17.6, 17.7, 17.8).

On July 12, 2013, Plaintiff filed his *pro se* Complaint (Doc. No. 5).[1] Plaintiff's seventeen-count Complaint alleges federal constitutional violations under 42 U.S.C. § 1983, including false arrest, false detention and confinement, conspiracy, and refusing or neglecting to prevent his false arrest, claims brought under Title 18 of the United States Code, and several state law claims. Although the Complaint raises a state-law battery claim, it does not raise a constitutional claim based on excessive force. On August 16, 2013, Defendants filed the pending Motion to Dismiss.

## II. DISCUSSION

Defendants primarily argue this case should be dismissed because the case is frivolous as a matter of law and Plaintiff's claims are nothing more than legal conclusions. The Court need not decide whether Plaintiff's Complaint has adequately stated a claim because the Court finds the case should still be dismissed pursuant to the *Younger* abstention doctrine.

Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction in cases where "equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). *Younger* abstention applies where "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 897 (8th Cir. 2002) (citation omitted). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of*

---

[1] Plaintiff continually insists he is not appearing *pro se*. However, Plaintiff is not represented by counsel and is thus appearing *pro se* by definition.

*Fort Smith, Ark.*, 163 F.3d 475, 479 (quoting *Middlesex County Ethics Comm, v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

First, Defendants point out in their Motion that Plaintiff's charges are still pending in the Grandview Municipal Court. Plaintiff does not dispute that contention, nor does his Complaint allege that his municipal charges have been successfully overturned or invalidated on appeal, or expunged in state court. Second, enforcing municipal ordinances is an important state and local interest. A municipal court has an interest in administering its own cases without a federal court interfering. Finally, Plaintiff has the opportunity to raise his Section 1983 claims in municipal court. Plaintiff is essentially using this civil rights proceeding to attack his charges for a fake license, no insurance, and marijuana possession. Plaintiff will be provided an opportunity to raise his defenses of false arrest, false detention, conspiracy, and refusing or neglecting to prevent his false arrest, as well as any other claims he may have in municipal court. As to Plaintiff's claims under various sections of Title 18 of the United States Code, there is no private right of action under any of the statutes cited in Plaintiff's Complaint.[2] Even if *Younger* abstention did not apply, Plaintiff could not sue directly under them, nor could he use them as a predicate for a Section 1983 action. Dismissal (as opposed to a stay) is proper even though Plaintiff seeks damages because his damage claim depends on his contention that the ordinances violate the Constitution. *Night Clubs, Inc.*, 163 F.3d at 481. Alternatively, even if *Younger* does not justify dismissal, the absence of a favorable outcome in the municipal proceedings does. *E.g.*, *Marlowe v. Fabian*, 676 F.3d 743, 747 (8th Cir. 2012) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

The Court concludes that the application of *Younger* abstention is appropriate. Because Plaintiff's federal claims will be dismissed, the remaining supplemental state claims should also be dismissed. *See* 28 U.S.C. § 1367(c)(3); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been

---

[2] 18 U.S.C. § 112 (Protection of foreign officials, official guests, and internationally protected persons) [Count 14]; 18 U.S.C. § 1091 (Genocide or "Causing Discomfort to a National/Indigenous") [Count 15]; 18 U.S.C. § 1201 (Kidnapping or "Kidding [sic] a Aboriginal Minister/Aboriginal Indigenous Nation/National of the United States") [Count 16]; and 18 U.S.C. § 242 (Deprivation of rights under color of law or "Using Colorable State Laws to Deprive a Aboriginal Minister") [Count 17].

dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed in its entirety.

IT IS SO ORDERED.

DATE: November 13, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT